GULF M. & N. R. Co. *v.* DOSSETT.

[79 South. 179, Per Curiam.]

APPEAL AND ERROR. *Disposition.*

Where two of the supreme judges are of the opinion that the court below committed no error in granting a peremptory instruction requested by appellee and therefore that its judgment shall be affirmed, and one judge is of the opinion that the court below committed no error in refusing a peremptory instruction requested by appellant, but that the peremptory instruction requested by appellee should have been refused, and the question of liability submitted to the jury, and three of the judges are of the opinion that the court below erred in refusing appellant's request for a peremptory instruction, and for that reason

it also erred in granting the peremptory instruction requested by appellee, and four of the judges therefore, are of the opinion that appellee's request for a peremptory instructions should have been refused. In such case the judgment of the court below will be reversed and the cause remanded.

APPEAL from the circuit court of Forest county.

HON. PAUL B. JOHNSON, Judge.

Action by Amos Dossett against the Gulf, Mobile & Northern Railroad Company. From a judgment for plaintiff, defendant appeals.

Appellee, a colored man, sued the appellant in the circuit court of Forrest county for two thousand seven hundred and fifty dollars as damages for personal injuries received by him as a result of his colliding with a piece of steel shafting, the end of which protruded from the depot platform while appellee was running near the depot at Benmore, Miss. Benmore is a small settlement on appellant's line of railroad, and the sawmill of the Canal Lumber Company is located there. On January 6, 1917, at 5:23 p. m., appellant's local freight train arrived at Benmore, having aboard a large piece of steel shafting, consigned to the Canal Lumber Company at Benmore. This shafting was twenty-five feet long and five inches in diameter, and weighed one thousand five hundred pounds. This piece of shafting was urgently needed by the Canal Lumber Company, and the foreman of that company and a crew of his men were at the depot when this train arrived for purpose of unloading this shafting. The train crew and the Lumber Company's crew joined in the work of unloading the shafting from the car. This shafting was removed by them from the car and placed upon the depot platform in such a position as to leave four or five feet of the shafting projecting beyond the north end of the platform and over a path or way which runs at that end of the platform and which path or way is used by people walking from the negro quar-

ters on one side of the railroad tracks to the Lumber
Company's commissary on the other, or *vice versa,*
and left there.  About a half an hour after this piece
of shafting had been left in that position, the appellee
was in the commissary of the Lumber Company, and
there one of the clerks of the commissary began to
"goose" appellee, whereupon appellee ran from the
commissary, and being pursued by the clerk, contin-
ued to run along the path or way which ran at the
north end of the depot platform.  While so running,
appellee collided with the end of the steel shafting,
which was protruding from the platform, and from
the force of the collision he received cuts and bruises
on his nose and face.

It is contended by the appellee that the appellant
was responsible for the position of the shafting up-
on the platform, and that the appellant had during
the preceding five or six years by its conduct invited
the public to use this path or way as a public path.
It is contended by the appellant that the shafting was
delivered by it to the consignee Lumber Company at
the time it was unloaded from the car, and that the
Lumber Company, and not the appellant, was respon-
sible for the position of the shafting upon the plat-
form, and that the path or way upon which appellee
was running when he was injured, was the private
ground of the appellant, and that the public had not
been invited to use that path or way, and that ap-
pellee had no right to go there.  The testimony is
conflicting.  All of these contentions are supported
by some testimony.  At the trial of the case in the
lower court, both sides asked for a peremptory instruc-
tion.  The trial court granted a peremptory instruction
in favor of the plaintiff, appellee here, and the jury
returned a verdict for the plaintiff for one thousand
four  hundred  dollars.  From  that  verdict  and
the judgment based upon it, the defendant appealed.

*J. N. Flowers, K. T. Brown,* and *J. C. Rich,* for appellant.

*Jno. T. Haney* and *Hannah & Foote,* for appellee.

Per Curiam.

Two of us are of the opinion that the court below committed no error in granting the peremptory instruction requested by appellee, and therefore that its judgment should be affirmed. One of us is of the opinion that the court below committed no error in refusing the peremptory instruction requested by appellant, but that the peremptory instruction requested by appellee should have been refused, and the question of liability submitted to the jury. Three of us are of the opinion that the court below erred in refusing appellant's request for a peremptory instruction, and for that reason it also erred in granting the peremptory instruction requested by appellee. Four of us, therefore, are of the opinion that appellee's request for a peremptory instruction should have been refused.

Consequently, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*